### William F. Gorrell v. Charles H. Payson.

68 641
170s 213

1. VERDICTS—*Upon Conflicting Evidence.*—A verdict upon conflicting and irreconcilable evidence, when there is enough on either side standing alone to make a case, is conclusive.

Assumpsit, for attorney's services. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Mr. Justice WATERMAN dissenting. Opinion filed February 9, 1897.

FRANK L. KRIETE, attorney for appellant.

MANN, HAYES & MILLER, attorneys for appellee; JAMES R. MANN, of counsel.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The parties to this suit made an agreement as follows:

"FAIRLANDS, August 8, 1892.

C. H. PAYSON: After consulting attorneys in Chicago, we have decided to take you in the case against the Home Life Insurance Company of New York, brought by myself for $130,000. If we collect the full amount, I will give you $15,000, and for any less sum recovered, will give you as fees, a sum in the same proportion the amount received bears to the amount sued for.

W. F. GORRELL.

This agreement is accepted by me this day.

C. H. PAYSON."

Thereafter, for nearly eighteen months, the appellee spent much of his time in attention to business in which the

appellant was interested other than that mentioned in that agreement. He sued to recover compensation for such other services. The question of fact between the parties— aside from the amount of such compensation, if the appellee was entitled to it—was whether the appellee was to be paid only his expenses when rendering such services, his object being to win reputation, or was entitled to fair money compensation for them.

On this question the evidence was conflicting and irreconcilable—enough on either side to make a case if standing alone—and the verdict of the jury is conclusive. One who desires to read that proposition stated in more words can easily gratify his wish by searching the volumes of Illinois Reports, since the act of July 21, 1837, provided that "exceptions taken to opinions or decisions of the Circuit Courts overruling motions in arrest of judgment, motions for new trials, and for continuances of causes, shall hereafter be allowed; and the party excepting may assign for error any opinion so excepted to, any usage to the contrary notwithstanding."

The minor criticisms upon admitting or excluding testimony during the trial, we dismiss with the remark that it is impossible to believe that the result was thereby affected.

By instructions the issue was clearly presented, though by the course of the evidence it must have been perfectly apprehended by the jury before the instructions were read.

The only instruction for the appellee, of which the appellant complains, is as follows:

"The court instructs the jury that if they believe, from the evidence, that the plaintiff, Payson, rendered services for the defendant, Gorrell, and that said services were performed for the benefit of said defendant, with his knowledge and consent, then a request will be implied; and unless the jury further believe from the evidence that such services were performed as a gift or gratuity, then the plaintiff is entitled to recover what the jury may believe from the evidence such services were reasonably worth, according to the usual, customary and ordinary charges made by lawyers for such services, if any, shown in the evidence."

And presenting the view of the appellant upon the same issue, at his request, was this instruction:

" You are instructed that if you believe from the evidence in this case that the plaintiff rendered services in the criminal trial, and in the conspiracy trial in the United States court, to the defendant, in pursuance of a request by the plaintiff of the defendant, and the defendant's assent that the plaintiff should be permitted to take part in said trials gratuitously for the plaintiff, for the reputation which the plaintiff might gain thereby, then, and in that case, the plaintiff is not entitled to recover anything for his fees or compensation for services so performed."

On the whole case, whether justice is done or not, the law has not been violated, and the judgment is affirmed.

MR. JUSTICE WATERMAN dissents.